**United States District Court**
**District of Massachusetts**

|  |  |  |
|---|---|---|

Robyn Covino              )

                         )

         Plaintiff,      )

                         )

         v.               )     Civil Action No.

                         )     19-10126-NMG

Spirit Airlines, Inc.      )

                         )

         Defendant.      )

                         )

**MEMORANDUM & ORDER**

GORTON, J.

Robyn Covino ("plaintiff" or "Covino"), proceeding pro se, brings claims for intentional and negligent infliction of emotional distress against Spirit Airlines, Inc. ("defendant" or "Spirit").

Pending before this Court is the motion of Spirit to dismiss plaintiff's complaint on all counts.

## I. Background

Robyn Covino avers that she was a passenger on a Spirit flight from Las Vegas to Boston in April, 2017. During the flight, Covino attempted to use the lavatory. She claims that a Spirit flight attendant stopped her from doing so by yelling, cursing and blocking her passage. Covino does not allege why

1

she believes she was denied access but Spirit asserts that the lavatory was temporarily unavailable because it was occupied by another passenger or crew member.

Following the altercation, the flight attendant reported plaintiff and the incident to Boston International Logan Airport ("Logan"). Upon arrival at Logan, Covino was escorted off the plane and questioned by Massachusetts State Police Officer Gendreau ("Officer Gendreau") before other passengers could disembark. Plaintiff alleges that Officer Gendreau questioned her about the incident and then provided her with his contact information.

Covino purchased her ticket to Boston through Spirit's "ticketless" online booking system. In doing so, she checked a box acknowledging her agreement with the terms and conditions set forth in Spirit's Contract of Carriage ("COC"). The full text of the COC was made available to Covino via a hyperlink on Spirit's booking system. The COC is also published and publicly available on Spirit's website.

Covino filed the instant suit against Spirit in Massachusetts Superior Court in December, 2018. In January, 2019, Spirit removed the case to this Court. Covino seeks damages for intentional and negligent infliction of emotional

distress arising out of the flight attendant's conduct in denying her access to the lavatory.

## II. __Motion to Dismiss__

Spirit moves to dismiss plaintiff's complaint as preempted by the Airline Deregulation Act of 1978 and as time-barred by Spirit's COC.

### A. __Standard of Review__

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 570 (2007). In considering the merits of a motion to dismiss, the Court may only look to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. <u>Nollet</u> v. <u>Justices of Trial Court of Mass.</u>, 83 F. Supp. 2d 204, 208 (D. Mass. 2000), <u>aff'd</u>, 228 F.3d 1127 (1st Cir. 2000).

Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. <u>Langadinos</u> v. <u>Am. Airlines, Inc.</u>, 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. See <u>Nollet</u>, 83 F. Supp. 2d at 208.

Although a court must accept as true all the factual allegations in a complaint, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id. Accordingly, a complaint does not state a claim of relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. Id. at 1950.

**B. Preemption Under the Airline Deregulation Act of 1978**

Spirit moves to dismiss plaintiff's complaint as preempted by the Airline Deregulation Act of 1978.

The Airline Deregulation Act of 1978 ("the ADA") preempts state law with respect to pricing, routes and services of carriers that provide interstate air transportation. 49 U.S.C. § 41713(b)(1). Congress enacted the ADA, in part, "[t]o ensure that the States would not undo federal deregulation" of the airline industry. Morales v. Trans World Airlines, Inc., 504 U.S. 374, 378 (1992). To that effect, Congress expressly preempted the states from

> enact[ing] or enforc[ing] a law, regulation, or other
> provision having the force and effect of law related to
> a price, route, or service of an air carrier

49 U.S.C. § 41713(b)(1).

4

The "key phrase" in understanding the scope of the ADA's preemption provision is "relating to."  Morales, 504 U.S. at 383.  "Relating to," in the context of the ADA expresses a "broad preemptive purpose," encompassing all state laws "having a connection with, or reference to, airline rates, routes, or services."  Id. at 384; see also Altria Grp., Inc. v. Good, 555 U.S. 70, 85 (2008) (commenting on the "unusual breadth" of the ADA's preemption provision).  ADA preemption is not limited to statutes or regulations; the Supreme Court has interpreted the phrase "other provision having the force and effect of law" to include state common-law claims.  Northwest, Inc. v. Ginsberg, 572 U.S. 273, 284 (2014).

Here, Spirit argues that the ADA preempts state-law tort claims arising out of its flight attendant's allegedly abrasive denial of plaintiff's request to use the lavatory.  To determine whether plaintiff's claims are preempted, the Court must determine (1) whether access to the in-flight lavatory is a "service" within the meaning of the ADA and (2) whether the emotional distress allegedly suffered by plaintiff is sufficiently "related to" that service.

With respect to the first consideration, a "service," although never defined by the Supreme Court, has been defined broadly in this Circuit as an "anticipated provision of labor

from one party to another," including matters "appurtenant and necessarily included with the contract of carriage between the passenger and the airline," such as ticketing, boarding, providing food and drink and handling baggage. Tobin v. Federal Express Corp., 775 F.3d 448, 453-56 (1st Cir. 2014).

This Court readily concludes that providing access to an in-flight lavatory is a necessary service appurtenant to passenger air transportation. See Air Transp. Ass'n of Am. v. Cuomo, 520 F.3d 218, 222 (2d Cir. 2008)("[W]e have little difficulty concluding that requiring airlines to provide food, water, electricity, and restrooms to passengers during lengthy ground delays relates to the service of an air carrier.").

As to the second consideration, plaintiff maintains that state tort law governing her claims of emotional distress is not sufficiently related to the provision of lavatory services.

Plaintiff relies on Gill v. Jetblue Airways Corp. to maintain that her tort claims are peripheral to an airline service and, thus, not preempted by the ADA. 836 F. Supp. 2d 33 (D. Mass 2011). In Gill, a quadriplegic passenger sued an airline for negligence after he fell while airline employees assisted him into his seat. Id. at 36-37. The incident occurred during the boarding process, which is a service under the ADA. See Tobin, 775 F.3d at 456. The Court held that the ADA did

6

not, however, preempt the passenger's claim of negligence
because the related "service" of general passenger boarding was
only tangentially related to the failure of airline employees
properly to exercise their duty of care in helping a disabled
passenger into his seat. Gill, 836 F. Supp. 2d at 43.  Put
differently, the enforcement of the duty of care owed by airline
employees to the disabled passenger would have only incidental
effect on the boarding process and would not likely restrain the
ability of airlines to compete in providing that service.  Id.

Gill is distinguishable because Ms. Covino's alleged
injury, unlike the injury in Gill, is inextricably related to
Spirit's provision of passenger services.  The denial of access
to the in-flight restroom is at the heart of Covino's claim.
Her attempt to sever the manner in which she was denied access
to the lavatory from the denial itself is unpersuasive.  See
Cannava v. USAir, Inc., No. 91-30003, 1993 WL 565341, *6 (D.
Mass. Jan. 7, 1993) (allowing motion to dismiss because
plaintiff's claims were based on the core allegation that
airline agents acted in a rude, insulting, and discourteous
manner toward him in the provision of services).  Allowing
Covino's claim for emotional distress arising from the manner in
which she was denied access to a service would upend the ADA's

7

preemption of all claims "related to" the provision of airline services.

To the extent Covino complains that the flight attendant reported her to the authorities at Logan to be removed prior to passenger de-boarding, her claim is also preempted. See Dogbe v. Delta Airlines, Inc., 969 F. Supp. 2d 261, 276 (E.D.N.Y. 2013) ("There can be no question that plaintiff's challenge to Delta's . . . boarding procedures . . . is preempted by the ADA.").

In short, Covino's claims of emotional distress based on the flight attendant's behavior toward her are inextricably related to the flight attendant's denial of an airline service. Accordingly, Covino's claims are preempted by the ADA and Spirit's motion to dismiss will be allowed.

### C. COC Time Limitation

Spirit moves to dismiss plaintiff's complaint for the separate reason that it was untimely.  Plaintiff responds that she filed her complaint within the statute of limitations period provided by state law and the shortened limitations period included in Spirit's COC is unenforceable because 1) Spirit provided insufficient notice and 2) state law precludes parties from shortening the applicable statute of limitations by contract.

1. <u>**Notice**</u>

The United States Department of Transportation ("DOT") is charged with promulgating comprehensive regulations interpreting the ADA.  49 U.S.C. § 40113.  Pursuant to that regulatory authority, DOT has promulgated regulations aimed at standardizing contracts of carriage.  14 C.F.R. § 253.1 ("The purpose of this part is to set uniform disclosure requirements, which preempt any State requirements on the same subject, for terms incorporated by reference into contracts of carriage for scheduled service in interstate and overseas passenger air transportation.").

DOT regulations provide that an airline carrier may incorporate by reference in a ticket "any term of the contract for providing interstate air transportation," if proper notice is provided. 14 C.F.R. §§ 253.4(a), 253.5(a).  Terms that may be incorporated by reference include limitations on liability such as "time periods within which passengers must file a claim or bring an action against the carrier to its acts or omissions." 14 C.F.R. § 253.5(b)(2).

The adequacy of notice turns on whether the incorporation by reference of important legal rights was "reasonably communicate[d]" to the passenger.  <u>Shankles</u> v. <u>Costa Armatori, S.P.A.</u>, 722 F.2d 861, 864 (1st Cir. 1983).  The reasonable

communicativeness test is a two-pronged analysis that requires the Court to consider 1) the facial clarity of the contract and whether it "make[s] the relevant provisions sufficiently obvious and understandable" and 2) whether the "circumstances of the passenger's possession of and familiarity with the ticket," indicate the passenger had the ability to become "meaningfully informed of the contractual terms at stake." Lousararian v. Royal Caribbean Corp., 951 F.2d 7, 8-9 (1st Cir. 1991).

With respect to the first prong, Section 13.3 of Spirit's COC is plainly labeled "Time Limit" and explains in clear language that any claims against Spirit must be brought within six months of the alleged incident. Such a straightforward and conspicuously labelled provision is sufficiently clear to meet the "reasonableness" standard. Id. at 10 ("[T]he standard is one of reasonableness, not perfection.").

With respect to the second prong, Spirit's online booking page explains in plain language that by assenting to Spirit's terms and conditions by checking the relevant box, the passenger is agreeing to Spirit's COC. Spirit then provides on the same page a link to the complete text of the COC to which the passenger is agreeing. Courts have referred to this online process as creating a "clickwrap" contract. See, e.g., Cullinane v. Uber Technologies, Inc., 893 F.3d 53, 63 n.10 (1st Cir. 2018)

(explaining that a "clickwrap" contract requires a user to indicate affirmative assent to a contract but does not require the user to view the contract to which she is assenting).

Although this Court is unaware of any federal court that has considered whether a "clickwrap" contract provides sufficient notice of contractual provisions incorporated by reference under 14 C.F.R. § 253.5, courts in this Circuit are in near universal agreement that clickwrap contracts are enforceable in other contexts.  See, e.g., Wickberg v. Lyft, Inc., 356 F. Supp. 3d 179, 183 (D. Mass. 2018) ("[C]lickwrap agreements . . . are generally held enforceable."); Small Justice LLC v. Xcentric Ventures LLC, 99 F. Supp. 3d 190, 196 (D. Mass. 2015) ("Clickwrap agreements are generally upheld because they require affirmative action on the part of the user."); see also Mark A. Lemley, Terms of Use, 91 Minn. L. Rev. 459, 466 (2006)("Because the user has 'signed' the contract by clicking 'I agree,' every court to consider the issue has held clickwrap licenses enforceable.").

Here, Spirit unambiguously stated on its online booking page that by checking the box indicating her agreement to Spirit's terms and conditions, Covino was agreeing to Spirit's COC.  The full text of the COC was available to Covino via

hyperlink on that same booking page and Spirit further provided access to the COC on its publicly accessible website.

Through each of these technological mechanisms, Spirit provided Covino an opportunity to become fully informed of the contractual provisions to which she was agreeing by booking her air travel with Spirit. That Spirit failed to provide Covino with a paper copy of its COC or a paper ticket which included the COC provisions is immaterial. See Ticketless Traveler: Passenger Notices, 62 Fed. Reg. 19,473-477 (April 22, 1997) (recognizing the emergence of "ticketless travel" and rejecting the notion that airline companies are required to provide paper notices to ticketless passengers).

Equally important is whether Spirit has complied with the notice requirements of incorporated terms provided by DOT regulations. 14 C.F.R. § 253.4. Specifically, DOT requires that an airline make the full text of its COC available for public inspection at each of its airport and city ticket offices and provide a copy of the full text of the COC to passengers free of charge. 14 C.F.R. §§ 253.4(b), (c). In this case, Spirit provided to Covino even more substantial notice of the terms incorporated in its COC than required by the regulations. As opposed to simply providing Covino with information as to how she could obtain a copy of the COC at the airport, Spirit

12

provided Covino with immediate and direct access to the full
terms of the COC free of charge via hyperlink on the booking
page.

In sum, Spirit's online ticketless booking system
reasonably provided Covino notice of the existence of important
legal rights incorporated by reference in Sprit's contract of
carriage, including its limitation of liability requiring all
claims against Spirit to be brought within six months.

### 2. State Law

Plaintiff next contends that even if she was provided
proper notice of the incorporated COC terms, the claim
limitations period is unenforceable under applicable state
contract law.  Plaintiff claims that under either Florida law,
which may govern pursuant to the COC's choice of law provision,
or Massachusetts law, contractually shortened limitations
periods are invalid.

Ms. Covino is correct that in both Florida and
Massachusetts parties may not limit the applicable statute of
limitations by contract. See Fla. Stat. § 95.03 ("Any provision
in a contract fixing the period of time within which an action
arising out of the contract may be begun at a time less than
that provided by the applicable statute of limitations is
void."); Creative Playthings Franchising, Corp. v. Reiser, Jr.,

978 N.E.2d 765, 770 (Mass. 2012) ("Any contractual reduction in a limitations period that is unreasonable or not subject to negotiation by the parties, such as in a contract of adhesion, will be unenforceable.").

A limitation on the period during which a passenger must bring a claim against an airline carrier is, however, preempted by the ADA with respect to airline services as discussed above and expressly authorized by DOT regulations. 14 C.F.R. § 253.5(b)(2).  Consequently, such limitations cannot be displaced by state law. See, e.g., Miller v. Delta Air Lines, Inc., No. 4:11-cv-10099, 2012 WL 1155138, *4 (S.D. Fla. Apr. 5, 2012) ("Plaintiff cannot use Florida law to expand Delta's undertaking in the Contract of Carriage by exposing it to claims made within five years, rather than the one-year expressly provided in the Contract of Carriage."); O'Connell v. Paquet Cruises, Inc., No. 88-1481-MC, 1989 WL 83205, *2 (D. Mass. July 7, 1989) (enforcing a cruise ship's contractually shortened claim limitations period incorporated by reference in its contract of carriage).

Consequently, the six-month limitations period in Spirit's COC, which was properly incorporated by reference through Spirit's online "ticketless" booking system, applies to plaintiff's claims.  The incident giving rise to plaintiff's

14

complaint occurred on a Spirit Airlines flight in April, 2017 but plaintiff did not file the instant lawsuit until December, 2018.  Plaintiff's complaint is, therefore, time barred. Accordingly, Spirit's motion to dismiss plaintiff's complaint will be allowed on time limitation grounds as well as preemption.

### ORDER

For the forgoing reasons, the motion of Spirit Airlines, Inc. to dismiss Ms. Covino's complaint (Docket Entry No. 7) is **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated September 25, 2019